## EX PARTE BILLY DON THOMPSON

No. 34,357.   January 31, 1962

*Harkness & Friedman,* Texarkana, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

On January 2, 1962, the District Court of Bowie County revoked a five-year probationary sentence which had been given appellant on September 11, 1961. Appellant excepted to the order of the trial court and gave notice of appeal to this court and sought to enter a recognizance, presenting two citizens of Bowie County alleged by him to be well qualified as sureties and who sought to make a recognizance for him. The trial court refused to allow appellant to make such recognizance and ordered him confined to jail, pending his appeal from the revocation order entered by the court.

On January 3, 1962, Judge W. A. Morrison of this court granted appellant's application to file an original application for habeas corpus with this court, and bail was set at $5,000.00. The sole question presented us for review is the propriety of the trial judge's action in denying bail or recognizance pending the appeal from the trial court's order revoking probation. The action of the trial court in revoking probation is also being appealed, but it is not before us at this time.

While this is a case of first impression, we think that Article 815, V.A.C.C.P., allowing appellants to enter into recognizance and to remain on bail, pending appeal, when the punishment assessed does not exceed fifteen years, here controls. This court has entertained appeals in cases of this kind since the enactment of the original Adult Probation Law, first known and designated as Article 781b and now known as Article 781d, V.A.C.C.P.

The able trial judge fell into error in denying appellant bail.

The writ of habeas corpus is granted. Relator will remain on bail allowed by this court in this cause until he enters into appeal bond in the appealed case, or until such appeal is finally decided.